O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#5

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6735 PSG (FMOx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | Roberto Contreras v. OneWest Bank *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** **(In Chambers) Order Granting Defendant OneWest Bank's Motion to Dismiss or, in the Alternative, for Summary Judgment, and for Expungement of Lis Pendens**

On August 10, 2009, Plaintiff Roberto Contreras ("Plaintiff") filed this suit against Defendants OneWest Bank ("OneWest"), Mortgage Electronic Registration Systems, Inc., and MTC Financial, Inc., asserting claims for 1) violation of Cal. Civil Code § 1632, 2) fraudulent business practices under Cal. Bus. & Prof. Code §17200 *et seq.*, 3) unlawful business practices under Cal. Bus. & Prof. Code § 17200 *et seq.* and 15 U.S.C. § 1601 *et seq.* (i.e, the Truth In Lending Act), 4) unlawful business practices under Cal. Bus. & Prof. Code § 17200 *et seq.* and Cal. Financial Code § 22302, 5) fraudulent omission, 6) injunctive relief, 7) breach of the covenant of good faith and fair dealing, and 8) violation of 12 U.S.C. § 2601 *et seq.* (i.e., the Real Estate Settlement Procedures Act). On August 10, 2009, Plaintiff also filed a Notice of Pending Action (*Lis Pendens*) with respect to the real property allegedly at issue in the suit, a property located at 8703 Bluford Avenue, Whittier, California 90602.

On September 21, 2009, Defendant OneWest brought the instant motion to dismiss Plaintiff's complaint against OneWest for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment, as well as for expungement of *lis pendens* ("Motion"). Under Local Rule 7-9 and this Court's Standing Order, Plaintiff was required to file and serve an opposition to OneWest's Motion by October 9, 2009. Plaintiff did not file an opposition by that date. Pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file a timely opposition to be consent to the granting of OneWest's Motion. *See* L.R. 7-12. Accordingly, the Court grants OneWest's Motion to dismiss Plaintiff's complaint against OneWest.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#5**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6735 PSG (FMOx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | Roberto Contreras v. OneWest Bank *et al.* | | |

  Moreover, California Code of Civil Procedure § 405.32 provides that a "court shall order that the notice [of pendency of action] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Cal. Civ. Proc. § 405.32. OneWest's Motion challenges the propriety of the notice of pendency of action filed by Plaintiff on August 10, 2009. In failing to file a timely opposition, Plaintiff has failed to demonstrate by a preponderance of the evidence the probable validity of his real property claims. The Court therefore grants OneWest's Motion to expunge the notice of pendency of action (*lis pendens*).

  Based on the foregoing, this Court:

1.  GRANTS Defendant OneWest's Motion to dismiss Plaintiff's complaint against OneWest with prejudice, and

2.  GRANTS Defendant OneWest's Motion for expungement of *lis pendens*.

  **IT IS SO ORDERED.**